J-S23007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                        :         PENNSYLVANIA
                                        :
                                        :
             v.                                :
                                        :
                                        :
MAURICE L. STEVENS                     :
                                        :
                Appellant            :     No. 1119 EDA 2017

Appeal from the PCRA Order January 13, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0703371-2005

BEFORE:   SHOGAN, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 18, 2018**

Maurice L. Stevens ("Appellant") appeals *pro se* from the order denying
his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42
Pa.C.S. §§ 9541–9546.[1]  We affirm.

The PCRA court summarized the history of this case as follows:

> On [October 13], 2011, after a jury trial [and conviction of third
> degree murder, Appellant] was sentenced to 20 to 40 years in
> prison.  On June 19, 2013, the Superior Court affirmed judgment
> of sentence at No. 321 EDA 2012.  On December 23, 2013, the
> Supreme Court denied [Appellant's] Petition for Allowance of
> Appeal at No. 377 EAL 2013.  On October 22, 2014, [Appellant]
> filed a timely pro-se PCRA Petition.  Stephen O'Hanlon, Esquire
> was appointed to represent [Appellant] on post-conviction
> matters.

---

[1] Appellant has filed an application for relief, requesting that this Court reject
the Commonwealth's appellate brief because it was untimely.  In light of
Appellant's own failure to comply with our rules of appellate procedure,
specifically Rule 2135 (Length of Briefs), we deny his application for relief.

---

*   Former Justice specially assigned to the Superior Court.

On December 30, 2008, a prior trial had ended in a hung jury. Daniel-Paul Alva, Esquire represented [Appellant] at the first trial. David Rudenstein, Esquire represented [Appellant] in the second trial and on direct appeal.

At trial, it was established that on March 12, 2005, [Appellant] was in a bedroom of a friend's house located . . . [in] Philadelphia. [Appellant] took a rifle and fired two shots at an automobile parked near the intersection of 16th and Fontain Streets. The second shot fatally wounded nine year-old Wander DeJesus.

Attorney O'Hanlon filed an original *Finley*[2] letter, [three] supplemental *Finley* letters,[3] and a report by a private investigator. In addition to his pro-se PCRA Petition, [Appellant] filed a response to the [PCRA c]ourt's notice to dismiss pursuant to Rule 907, Pa.R.Crim.P. and a pro-se 1925b Statement.

PCRA Court Opinion, 6/19/17, at 1–2. The PCRA court dismissed Appellant's petition on January 13, 2017, without an evidentiary hearing and granted counsel's motion for leave to withdraw. This appeal followed.

Appellant presents the following questions for our consideration, which we reproduce here, *verbatim*:

I. Is [Appellant] entitled to a new trial or alternatively an evidentiary hearing, as the result of trial counsels ineffectiveness; where trial counsel failed to request a competency hearing for Commonwealth key witness Anthony Thomas, prior to [Appellant's] second trial; though there was questions of this witness competency raised at [Appellant's] first trial?

II. Is [Appellant] entitled to a new trial or alternately, have his appellate rights to direct appeal reinstated nunc pro tunc, as the result of trial counsel/appellate counsel David Rudenstein,

---

[2] ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

[3] Attorney Hanlon filed ***Finley*** letters on February 28, 2016, May 3, 2016, October 9, 2016, and November 15, 2016.

Esq. ineffective assistance of counsel, where counsel failed to raise and preserve the claim of trial court abuse, though the trial court failed to hold and/or conduct a sua sponte competency hearing, prior to [Appellant's] second trial, for commonwealth witness Anthony Thomas, where the trial court was aware of indicia of possible incompetency?

III.   Is [Appellant] entitled to a new trial or vacation of sentence and release from custody, or alternately have his appeal rights reinstated nunc pro tunc, as trial/appellate counsel David Rudenstein rendered ineffective assistance, by failing to raise/preserve issues of prosecutorial misconduct, after the prosecution made prejudicial remarks and knowingly presented perjured testimony before the jury, violating [Appellant's] due process rights of the 14th Amendment of the U.S. Constitution, prejudicing [Appellant] and denying him a fair trial?

IV.   Is [Appellant] entitled to a new trial or vacation of sentence and release from custody, or alternately, have his appeal rights reinstated nunc pro tunc, as trial/appellate counsel David Rudenstein rendered ineffective assistance, by failing to raise/preserve issues of trial court abuse, after the prosecution made prejudicial remarks and knowingly presented perjured testimony before the jury, and the trial court over ruled counsels objections, thus prejudicing [Appellant] by violating his due process rights of 14th Amendment of the U.S. constitution and subjecting him to double jeopardy, denying him a fair trial resulting in a miscarriage of justice?

V.   Is [Appellant] entitled to an evidentiary hearing and/or remand to the PCRA court for a hearing, as the result of PCRA/Trial court abuse of its discretion, where the PCRA court erred as a matter of law, when it scheduled [Appellant] for a hearing to review the notes of testimony for appellate issues presented on appeal, but never held said hearing, before ultimately dismissing [Appellant's] PCRA petition without a hearing?

VI.   Is [Appellant] entitled to remand to the PCRA court for an ineffectiveness hearing, as the result of appellate counsel Stephen T. O'Hanlon's ineffectiveness, where he undermined/sabotaged [Appellant's] appellate process, which led to the dismissal of [Appellant's] PCRA petition?

VII.   Is [Appellant] entitled to sentencing hearing alternatively, has his appellant rights reinstated nunc pro tunc, as to the discretionary aspects of sentencing; due to trial and/or appellant counsel David Rudenstein ineffectiveness assistance of counsel where he failed to raise and preserve the issues of trial court abuse and post-sentence motions, though the trial court considered inappropriate sentencing factor?

Appellant's Brief at 3–6.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014).

In all of his issues, Appellant complains that counsel provided ineffective assistance. When considering an allegation of ineffective assistance of counsel ("IAC"), we presume that counsel provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) petitioner was prejudiced by counsel's action or omission. *Commonwealth v. Johnson*, ___ A.3d ___, ___, 2018 PA Super 28, *5 (Pa. Super. 2018)

- 4 -

(citing **Commonwealth v. Pierce**, 527 A.2d 973, 975–976 (Pa. 1987)). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a 'reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" **Commonwealth v. Reed**, 42 A.3d 314, 319 (Pa. Super. 2012). An IAC claim will fail if the petitioner's evidence fails to meet any one of the three prongs. **Commonwealth v. Simpson**, 66 A.3d 253, 260 (Pa. 2013). Because courts must presume that counsel was effective, the burden of proving ineffectiveness rests with the petitioner. **Commonwealth v. Montalvo**, 114 A.3d 401, 410 (Pa. 2015.

In his first issue, Appellant claims that trial counsel, Attorney Rudenstein, was ineffective for failing to challenge the competency of the Commonwealth's juvenile witness, Anthony Thomas ("Thomas").[4] Appellant's Brief at 19. Appellant contends that, because Thomas' testimony at the first trial demonstrated his confusion, his lack of understanding, and his inability to remember, Attorney Rudenstein should have requested a hearing to challenge Thomas' competency before Appellant's second trial. **Id.** at 25. According to Appellant, Attorney Rudenstein could have no rational basis for not requesting a hearing because a determination of whether Thomas' memory was impaired was crucial to ensuring Appellant received a fair trial.

---

[4] Thomas was seventeen years old in March of 2005 when Appellant fatally shot Wander DeJesus. N.T. (Trial), 8/8/11, at 45.

*Id.* at 27. Appellant suggests that if Attorney Rudenstein had asked the trial court to address the issue of Thomas' competency, it could only have concluded that Thomas was incompetent to testify. *Id.*

The Commonwealth counters that Appellant's "claim is based on the erroneous assumption that Mr. Thomas's inconsistent trial testimony implied incompetency. That the witness recanted his prior statement to police did not prove he was incompetent to testify at trial." Commonwealth's Brief at 8. The Commonwealth continues:

> [As Appellant] concedes, trial counsel *did* request "on several occasions" that an inquiry be made into Thomas's competency (Brief for Appellant, 25). He further admits that [the trial court] personally observed Thomas during the December 15, 2008 hearing, and denied the request for a competency hearing (Brief for Appellant, 28). Moreover[, Appellant] failed to plead or prove that another request would have been meritorious. Finally, Thomas was recanting his prior identification of [Appellant], so a competency challenge would not have aided the defense.
>
> Additionally, an examination of the record shows that it was Thomas's credibility, not competency, which was at issue. In its September 28, 2012 opinion on direct appeal, the trial court noted that Thomas consistently insisted at trial that he did not know anything about the victim's death (Opinion, Geroff, J., 09/28/2012), but was subsequently impeached on cross-examination pursuant to *Commonwealth v. Brady*, 507 A.2d 66, 70 (Pa. 1986) and *Commonwealth v. Lively*, 610 A.2d 7, 10 (Pa 1992) when confronted with his signed statement to detectives (N.T. 08/08/2011, 75–76). As noted by the PCRA court in its June 19, 2017 opinion, "it was the function of the jury to determine the credibility of each witness. There was no reason to exclude the testimony of Thomas (Opinion, Geroff, J., 06/19/2017)."

Commonwealth's Brief at 8–9 (emphasis in original).

"The question of a person's competency to be a witness is vested within the sound discretion of the trial court." **Commonwealth v. Alston**, 864 A.2d 539, 548 (Pa. Super. 2004) (*en banc*). Pursuant to the Pennsylvania Rules of Evidence, "[e]very person is competent to be a witness. . . ." Pa.R.E. 601(a). "[G]iven the general presumption of competency of all witnesses, a court ought not to order a competency investigation, unless the court has actually observed the witness testify and still has doubts about the witness' competency." **Commonwealth v. Boich**, 982 A.2d 102, 109–110 (Pa. Super. 2009).

Relying on the law of waiver for failing to specify issues raised in a Pa.R.A.P. 1925(b) statement, the PCRA court disposed of this IAC claim, as follows:

> Thomas gave a statement to the police implicating [Appellant]. However, at trial Thomas testified that he did not remember anything about the shooting. In his pro-se 1925b Statement, [Appellant] complains that trial counsel was ineffective for failing to request a competency examination of Thomas. [Appellant] has offered no reason to explain why a competency examination was required. . . . Therefore, the competency . . . issue[ is] waived.

PCRA Court Opinion, 6/19/17, at 4 (citing **Commonwealth v. Hansley**, 24 A.3d 410, 415 (Pa. Super. 20011)).

Upon review, we conclude that Appellant's first issue does not warrant relief. Although we do not find waiver, we may affirm the PCRA court's decision on any basis supported by the record. **See Commonwealth v. Ford**,

44 A.3d 1190, 1194 (Pa. Super. 2012) ("This Court may affirm a PCRA court's decision on any grounds if the record supports it.").

Nothing in the record suggests that Thomas lacked the ability to understand the prosecutor's questions and provide answers at the first trial. Rather, the record reveals that Thomas was uncooperative, evasive, and obdurate—not incompetent, as Appellant contends. N.T., 12/15/08, at 133–135, 182, 185–188. The nature of Thomas' testimony at the first trial supports a reasonable inference that, having provided a written statement to the police implicating Appellant, Thomas did not want to implicate Appellant further in open court. In fact, at the second trial, Thomas refuted any knowledge about the events surrounding the death of Wander DeJesus. N.T., 12/15/08, at N.T., 8/8/11, at 36, 41, 44, 46–70, 73–82. Moreover, Appellant concedes that prior defense counsel "requested on several occasions from the trial court, an inquiry into Mr. Thomas competency." Appellant's Brief at 25, 34 (citing N.T., 12/16/08, at 7–14, 53–55). Having observed Thomas testify at the first trial— as Appellant acknowledges, *id.* at 28—the trial court denied counsel's requests for a competency hearing, presumably because it had no doubts about Thomas' competency to testify. *Boich*, 982 A.2d at 110.

Based on this record, we agree with the Commonwealth that "[Appellant] has failed to plead and prove that a duplicative request for a competency hearing would have been meritorious, that counsel's inaction was unreasonable, or that counsel's inaction prejudiced him." Commonwealth's

Brief at 9. The evidence of record supports the PCRA court's conclusion that this issue lacks merit, and its ruling is free of legal error. Thus, we conclude that Appellant's first IAC claim does not warrant relief.

In his second issue, Appellant argues that trial counsel was ineffective for failing to raise on direct appeal a claim that the trial court abused its discretion by failing to conduct a competency hearing *sua sponte*. Appellant's Brief at 28. In response, the Commonwealth argues that this issue is waived because Appellant did not raise it in his PCRA petition. Commonwealth's Brief at 10. Alternatively, the Commonwealth argues that this issue is meritless. *Id.*

"Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); *see also Commonwealth v. Washington*, 927 A.2d 586, 601 (Pa. 2007) (holding that claims not raised in PCRA petition are "waived and not cognizable on appeal"). Here, Appellant raised a claim in his PCRA petition that "Lawyer never challenged competency of Juvenile witness Anthony Thomas." PCRA Petition, 10/22/14, at ¶ 6(C). However, he did not raise in his PCRA petition a claim that trial counsel failed to preserve a challenge to the trial court's alleged abuse of discretion for not conducting a competency hearing. Arguably, therefore, that claim is waived. *Washington*, 927 A.2d at 601.

However, we observe a claim in Appellant's response to the PCRA court's notice to dismiss that "[t]rial counsel was also ineffective for not preserving

this competency issue on direct appeal[.]"  Response to Pennsylvania Rule

Crim.P. 907, 6/10/16, at ¶ 3.  To the extent that Appellant has preserved his

second IAC claim, we consider it meritless based on our determination that

trial counsel was not ineffective for failing to challenge Thomas' competency.

In other words, Appellant's underlying argument that the trial court abused

its discretion by not conducting a competency hearing *sua sponte* lacks merit.

The evidence of record supports the PCRA court's conclusion that Appellant's

second IAC claim lacks merit, and its ruling is free of legal error.  Thus, we

conclude that Appellant's second issue does not warrant relief.

Appellant's third issue formulates an IAC claim in the context of

prosecutorial misconduct.  Appellant's Brief at 40.  According to Appellant, the

prosecutor improperly referred to and used Thomas' testimony, knowing that

it was perjured, and Attorney Rudenstein "was ineffective for failing to raise

and/or preserve this claim on direct appeal, which resulted in a waiver of this

issue[.]"  Appellant's Brief at 59.[5]

We reiterate:

> [A] prosecutor has considerable latitude during . . . arguments
> and his or her statements are fair if they are supported by the

---

[5]  Appellant also argues that the prosecutor's misconduct constitutes a violation of the double jeopardy clause.  Appellant's Brief at 53, 56.  This claim is specious because Appellant's retrial resulted from a hung jury, not prosecutorial misconduct in the first trial.  ***See Commonwealth v. Graham***, 177 A.3d 359, 371 (Pa. Super. 2017) ("Ordinarily, the law permits retrial when the defendant successfully moves for mistrial. If, however, the prosecution engages in certain forms of intentional misconduct, the Double Jeopardy Clause bars retrial.") (citation omitted).

evidence or use inferences that can reasonably be derived from the evidence. Further, prosecutorial misconduct does not take place unless the unavoidable effect of the comments at issue was to prejudice the jurors by forming in their minds a fixed bias and hostility toward the defendant, thus impeding their ability to weigh the evidence objectively and render a true verdict. Moreover, a prosecutor can fairly respond to attacks on a witness's credibility. In reviewing a claim of improper prosecutorial comments, our standard of review is whether the trial court abused its discretion. When considering such a claim, our attention is focused on whether the defendant was deprived of a fair trial, not a perfect one, because not every inappropriate remark by a prosecutor constitutes reversible error. A prosecutor's statements to a jury do not occur in a vacuum, and we must view them in context.

***Commonwealth v. Noel***, 53 A.3d 848, 858 (Pa. Super. 2012) (internal quotation marks and citations omitted).

The PCRA court implicitly rejected this IAC claim based on a lack of arguable merit to the underlying challenge:

The threshold test as to whether a prosecutor committed misconduct is set forth in *Commonwealth v. Spotz*, 47 A.3d 63, 98 (Pa. 2012) (citations omitted):

> Not every unwise, intemperate, or improper remark made by a prosecutor mandates the grant of a new trial. Reversible error occurs only when the unavoidable effect of the challenged comments would prejudice the jurors and form in their minds a fixed bias and hostility toward the defendant such that the jurors could not weigh the evidence and render a true verdict.

This court has reviewed the prosecutor's opening statement (N.T. 8/8/201[1], 3–15, volume for opening statement). The court finds nothing in the opening statement which would be unduly prejudicial.

PCRA Court Opinion, 6/19/17, at 6–7.

Notably, the PCRA court did not address Appellant's additional arguments regarding the prosecutor's use of Thomas' prior inconsistent statements at trial. Nevertheless, we agree with the PCRA court that Appellant's third IAC claim lacks arguable merit. Our review of the prosecutor's opening and closing statements, as well as his use of Thomas' prior inconsistent statements at trial, reveals nothing prejudicial to Appellant. N.T. (Opening Statements), 8/8/11, 3–14; N.T. (Trial), 8/8/11, at 36–103, Exhibit C-1; N.T., 8/16/11, at 4–87. Appellant's bald characterization of Thomas' written statement and preliminary hearing testimony as perjured is misplaced; they were prior inconsistent statements used to impeach Thomas' credibility. *See* Pa.R.E. 613 ("A witness may be examined concerning a prior inconsistent statement made by the witness to impeach the witness's credibility."). The prosecutor had reason to believe that, at the second trial, Thomas would again recant his prior statement and testimony. Accordingly, the prosecutor referred to Appellant's prior inconsistent statements as facts to be proven and used them to present legitimate inferences regarding Appellant's lack of credibility. Thus, we conclude that the prosecutor did not engage in misconduct, and, therefore, Attorney Rudenstein was not ineffective for failing to raise the issue of prosecutorial misconduct on direct appeal. The evidence of record supports the PCRA court's conclusion that Appellant's third issue lacks merit, and its ruling is free of legal error. No relief is due.

In his fourth issue, Appellant argues that Attorney Rudenstein was ineffective for "failing to raise and/or preserve issues of trial court abuse, where [the] trial court abused its discretion when it overruled trial counsel[']s objections to prejudicial remarks during [Appellant's] second trial, opening statements, then allowed the prosecution to present testimony it knew was perjured[.]" Appellant's Brief at 61. In response, the Commonwealth argues that Appellant has waived this issue because he failed to include it in his PCRA petition. Commonwealth's Brief at 14. Alternatively, the Commonwealth argues that this issue is meritless. *Id.* at n.1.

We repeat: "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); *Washington*, 927 at 601 (Pa. 2007). Here, Appellant raised an IAC claim in his PCRA petition that his attorney failed "to challenge prosecution calling/presenting false testimony before jury." PCRA Petition, 10/22/14, at ¶ 6(C). However, he did not raise in his PCRA petition a claim that trial counsel failed to preserve a challenge to the trial court's abuse of discretion for not sustaining counsel's objections to the prosecutor's remarks or questions. Arguably, therefore, that claim is waived. *Washington*, 927 A.2d at 601.

However, we observe a claim in Appellant's second response to the PCRA court's notice of intent to dismiss that "Trial counsel/Appellate Counsel were ineffective for failing to raise and or preserve issues of trial court error and prosecutorial misconduct in post sentence motions and on direct appeal."

- 13 -

Response to Pennsylvania Rule Crim.P. 907, 8/18/16, at 10. To the extent that Appellant has preserved his fourth IAC claim, we consider it meritless based on our determination that trial counsel was not ineffective for failing to preserve the issue of prosecutorial misconduct. Appellant's underlying argument that the trial court abused its discretion by overruling counsel's objections to the prosecutor's remarks lacks merit. The evidence of record supports the PCRA court's conclusion that counsel was not ineffective, and its ruling is free of legal error. Thus, we conclude that Appellant's fourth IAC claim does not warrant relief.

Appellant complains in his fifth issue that the PCRA court erred when it denied Appellant's petition without conducting the hearing. Appellant's Brief at 76. In response, the Commonwealth asserts that, despite an amended petition and three responses to the PCRA court's notices of intent to dismiss, "[Appellant] has failed to show a disputed issue of material fact meriting a hearing. Thus, the court's subsequent dismissal of his petition without a hearing 'to review the Notes of Testimony' was not an abuse of discretion." Commonwealth's Brief at 16.

There is no absolute right to an evidentiary hearing. ***Commonwealth v. Springer***, 961 A.2d 1262, 1264 (Pa. Super. 2008). As our Supreme Court has held, "PCRA hearings are not discovery expeditions, but are conducted when necessary to offer the petitioner an opportunity to prove his explicit assertion of ineffectiveness raising a colorable claim about which there

remains an issue of material fact." *Commonwealth v. Cousar*, 154 A.3d 287, 299 (Pa. 2017) (citation omitted). Moreover, "the PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied 'there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings.'" *Cousar*, 154 A.3d at 297 (citing *Commonwealth v. Roney*, 79 A.3d 595, 604 (Pa. 2013)). "[S]uch a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing." *Springer*, 961 A.2d at 1264.

After reciting the requirements for a successful IAC claim, the PCRA court disposed of Appellant's fifth issue succinctly: "[Appellant's] PCRA Petition was properly dismissed without a hearing." PCRA Court Opinion, 6/19/17, at 9.[6] Our review of the record and analysis thus far confirm the PCRA court's implicit conclusion that Appellant failed to present a colorable claim about which there remains an issue of material fact. *Cousar*, 154 A.3d

---

[6] Although we agree with the PCRA court's conclusion, in the future we would appreciate a full disclosure of its reasoning.

at 299. Accordingly, we discern no abuse of the PCRA court's discretion in denying relief without an evidentiary hearing.

Appellant's sixth issue challenges PCRA counsel's representation as ineffective. Appellant claims that PCRA counsel "sabotaged/undermined [Appellant's] appellate process, when he filed four Finley letters of no merit, none of which addressed [Appellant's] appellate issues as they were presented/argued in [Appellant's] initial PCRA petition/response to trial court[']s notice of dismissal, [Pa.R.Crim.P.] 907, resulting in the subsequent dismissal of [Appellant's] PCRA petition." Appellant's Brief at 81. Additionally, Appellant complains that PCRA counsel did not contact Appellant, did not file an amended petition, failed to respond to Appellant's correspondence, and did not assert that Appellant's petition was frivolous. *Id.* at 81–83.

The Commonwealth counters that Appellant's claim against PCRA counsel is waived because he "now argues for the first time that PCRA counsel was ineffective for failing to sufficiently brief the issues in his *Finley* letters, for failing to acquire 'full/relevant' transcripts, and for failing to frame the issues as [Appellant] wished for them to be framed." Commonwealth's Brief at 17. We agree with the Commonwealth.

We have explicitly stated, "[C]laims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal." ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*). In order to preserve such a claim, an appellant must raise it in the PCRA court by including it, for example,

in response to a pre-dismissal notice. *See Commonwealth v. Rykard*, 55 A.3d 1177, 1186 (Pa. Super. 2012) (noting defendant preserved PCRA counsel ineffectiveness claims "by setting forth allegations of PCRA counsel's ineffectiveness in his response to the court's pre-dismissal notice").

Our review of the record confirms that Appellant has raised his IAC claim against PCRA counsel for the first time on appeal. Thus, it is waived. *Rykard*, 55 A.3d at 1186. Even if not waived, this claim lacks merit. Attorney O'Hanlon filed four *Finley* letters and discussed Appellant's various issues therein.

Appellant's seventh and final issue is a sentencing-based IAC claim, which, Appellant argues, entitles him to a new sentencing hearing.[7] According to Appellant, Attorney Rudenstein "was ineffective for failing to raise and preserve the issue of [t]rial court abuse, where the trial court sentenced [Appellant] to the maximum sentence available in the guidelines, despite [Appellant] having a prior record score of -0- which showed [as] 14–0 on the sentencing grid, at the time of sentencing." Appellant's Brief at 86.

The PCRA court explained its rejection of this issue as follows:

> In its Opinion, the Superior Court observed that appellate counsel had waived the challenge to the discretionary aspects of the sentence. However, the sentence of 20 to 40 years was within the statutory limits. The maximum sentence for murder in the third degree is 40 years, 18 Pa.C.S. Section 1102(d). The

---

[7] The PCRA court addressed additional sentencing issues raised in Appellant's *pro se* PCRA petition, his response to the notices of intent to dismiss, and his *pro se* Pa.R.A.P. 1925(b) statement. PCRA Court Opinion, 6/19/17, at 3–4. Because Appellant has not presented those issues in his appellate brief, we consider them abandoned and will not address them. Pa.R.A.P. 2116(a).

- 17 -

minimum sentence was within the Sentencing Guidelines of 90 to 240 months as set forth at N.T. 10/13/2011 at 13. The killing of an innocent nine year old child justifies the sentence which was imposed.

\* \* \*

Accordingly, the challenge to the sentence was properly dismissed.

PCRA Court Opinion, 6/19/17, at 3–4.

Having reviewed the certified record, focusing our attention on the sentencing guidelines, the sentencing transcript, and the trial court's analysis, we discern no abuse of discretion or legal error in the sentence imposed. N.T., 10/13/11, at 13; 18 Pa.C.S. § 1102(d). Therefore, the argument underlying Appellant's discretionary sentence-based IAC claim lacks merit. Thus, we conclude that counsel was not ineffective for failing to raise and preserve a discretionary aspect of sentencing issue. Appellant's contrary claim fails.

Order affirmed. Application for relief denied.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/18

- 18 -